```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT
```

CYNTHIA M. SALOMON            :
                              :          PRISONER
     v.                       :     CASE NO. 3:06cv953(WWE)
                              :
W.S. WILLINGHAM               :


MEMORANDUM OF DECISION

The petitioner, Cynthia M. Salomon ("Salomon"), is a federally-sentenced prisoner confined at the Federal Correctional Institution in Danbury, Connecticut.  She filed this habeas corpus action pro se pursuant to 28 U.S.C. § 2241.  For the reasons that follow, Salomon's petition will be denied.

I.   Standard of Review

In general, "[t]he power of the federal courts to grant writs of habeas corpus is derived from 28 U.S.C. § 2241, which provides that any federal court may grant the writ to any person restrained within its jurisdiction...."  Pinkney v. Keane, 920 F.2d 1090, 1093 (2d Cir. 1990), cert. denied, 501 U.S. 1217 (1991).  Relief pursuant to this provision may be afforded where a prisoner is "held in custody in violation of the Constitution or laws or treaties of the United States."  Rosado v. Civitelli, 621 F.2d 1179, 1197 n.36 (2d Cir.), cert. denied, 449 U.S. 856 (1980).

II.  Discussion

On October 26, 2005, Salomon was sentenced in the United States District Court for the Eastern District of Pennsylvania to

a term of imprisonment of one year and one day.  Salomon reports that the judge was fair in her sentencing.  She now states, however, that she feels that her time would be better spent in a halfway house because she would be able to work and provide financial assistance to her family.

There is no constitutional or statutory right to early release from custody or confinement in a community-based setting. See Mundy v. Mazurkiewicz, Civ. A. No. 90-4083, 1991 WL 255678, at *1 (E.D. Pa. Nov. 27, 1991).  The fact that Salomon now would prefer to be transferred to a halfway house is insufficient to establish a constitutionally protected liberty interest.  See Pugliese v. Nelson, 617 F.2d 916, 923 (2d Cir. 1980).  Because Salomon has identified no constitutional or statutory right that is being violated by her continued incarceration, the petition must be denied.

III. Conclusion

Salomon's petition for writ of habeas corpus [**Doc. #1**] is **DENIED**.  The court concludes that any appeal in forma pauperis would not be taken in good faith.

**SO ORDERED** this 10th day of July, 2006, at Bridgeport, Connecticut.

_____/s/_____

___

Warren W. Eginton

                Senior United States District Judge